IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHARLEY WALLACE AND
SARAH CATHERINE WALLACE                                    PLAINTIFFS

v.                                           CIVIL ACTION NO. 2:23-cv-14-TBM-RPM

NATIONWIDE GENERAL INSURANCE
COMPANY; DONAN ENGINEERING CO.,
INC.; and JOHN DOES 1-5                                    DEFENDANTS

**COMPLAINT**
(Jury Trial Demanded)

**COME NOW** the Plaintiffs, Charley Wallace and Sarah Catherine Wallace (herein after referred to as "Plaintiffs") by and through the undersigned counsel, and file this Complaint against Defendant Nationwide General Insurance Company (hereinafter referred to as "Nationwide"), Donan Engineering Co., Inc. ("hereinafter referred to as "Donan Engineering"), and John Does 1-5, and for Plaintiffs' causes of action shows unto the Court the following:

**PARTIES**

1.      Charley Wallace is an adult resident citizen of Forrest County, Mississippi.

2.      Sarah Catherine Wallace is an adult resident citizen of Forrest County, Mississippi.

3.      Defendant Nationwide is a non-resident insurance company doing business in the state of Mississippi with its principal place of business in Ohio, which may be served with process through its agent for service of process, United States Corporation Company, at 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

4.      Defendant Donan Engineering is an Indiana corporation with its principal place of business in Kentucky, which may be served through its agent for service of process, Corporation Service Company, at 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

5.      Defendants designated as John Does 1 through 5 are, based upon information and belief, certain unknown and unnamed persons and/or entities who may be liable for the claims asserted herein, who include, but are not limited to, agents, servants, employees, representatives, affiliates, parents, subsidiaries, joint-tortfeasors, tortfeasors, contractors, co-conspirators, joint adventurers, partners, stockholders, or any other related person or entity of the named Defendants and/or any and all other persons who may be liable to Plaintiffs for the claims asserted herein. Plaintiffs will amend the Complaint once the identities of the unknown Defendants are learned.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper in this Court pursuant to 28 USCA § 1332 because this is a tort action involving a Mississippi resident, a foreign insurance, and a foreign engineering firm.

7.      Venue is proper in this Court pursuant to 28 USCA § 1391.

## FACTS

8.      Plaintiffs are adult resident citizens of the State of Mississippi and reside at 1006 Oakleigh Drive, Hattiesburg, Mississippi 39402 (hereinafter referred to as "the Home").

9.      On or around September 2, 2021, a wind and hail storm hit Plaintiffs' Home, which severely damaged the roof of the Home.

10.     The storm caused clear, obvious and substantial damage to the Home. (See photos below and attached as composite **Exhibit 1**).





11. Prior to the wind/hail storm, Nationwide issued to Plaintiff Policy No. 6323HR037860 (hereinafter referred to as "the Policy"), which provided coverage to the Home.

12. The Policy specifically insured the Home for direct physical loss to the property caused by wind and hail storms, among other perils.

13. Plaintiffs timely paid all Policy premiums.

14. The Policy provides the following relevant coverages:

   a. Dwelling coverage for the Home in the amount of $428,800;

   b. Personal property coverage in the amount of $321,600; and

   c. Other structures coverage in the amount of $42,880.

15. Following the loss, Plaintiffs contacted Nationwide to report their damages to the Home and filed Claim Number 205661-GN (hereinafter referred to as "the Claim").

16. Nationwide egregiously and totally denied Plaintiffs' claim.

17. After being informed of the denial, Plaintiffs contacted Nationwide and asked Nationwide to reconsider its findings.

18. Subsequently, Nationwide sent Defendant Donan Engineering to the Home. Donan Engineering spent a negligible amount of time inspecting the roof and only photographed areas of the Home's roof that were not impacted by the wind/hail storm.

19. On or around June 14, 2022, Jonathon Woodard, P.E., of Donan Engineering prepared his report and recommendation and submitted it to Nationwide.

20. Despite substantial evidence to the contrary, much of which Woodard himself observed and noted, Donan Engineering's report presented the following specific conclusions: (a) the shingles are not damaged by hail, (b) the shingles are affected by age-related deterioration,

manufacturing spot defects, and overhanging tree limbs, and (c) the singes are not damaged by wind.

21.     When Donan Engineering submitted these false findings to Nationwide, Donan Engineering had actual knowledge and/or constructive knowledge that these facts were false. In submitting these false facts to Nationwide to purposefully aid Nationwide in wrongfully denying Plaintiffs' claims, Donan Engineering's actions were grossly negligent, wanton, and willful and performed in reckless disregard for Plaintiffs' rights. Notably, knowing that the report contained false findings, Nationwide improperly relied upon the Donan Engineering report.

22.     Nationwide "used" these false and fictitious facts, initially given to it by Donan Engineering, to egregiously deny a valid, covered loss, all to the benefit of Defendants and to the detriment of Plaintiffs. Importantly, Donan Engineering had actual and constructive knowledge that the "facts" were false.

23.     After months of delay without any legitimate reason, Nationwide informed the Plaintiffs that Nationwide was completely denying the claim based upon the false premise that the damage to the roof was negligible, unrelated to hail and/or wind and that Plaintiff's Claim did not exceed his $4,288 deductible.

24.     Nationwide's denial was clearly based upon an improper investigation because a repair estimate prepared by JB Roofing indicated the Home's roof required over $17,000 in repairs. (See JB Roofing Repair Estimate attached as **Exhibit 2**).

25.     The Policy was in force and effect at all relevant times.

26.     The Policy specifically insured the Home for direct physical loss to the property caused by wind and/or hail, among other perils.

27. Nationwide's denial was done in bad faith and in reckless disregard for the rights of the Plaintiffs.

## COUNT I - CLAIM FOR POLICY BENEFITS - NATIONWIDE

28. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

29. Plaintiffs made a Claim pursuant to the Policy which arose in connection with wind and hail storm loss.

30. Although Plaintiffs have made due demand for payment of policy benefits for the above occurrence, Nationwide has failed and refused to provide proper coverage and refused to pay the full benefits which are now due and remain unpaid, all to the detriment of Plaintiffs.

## COUNT II – CLAIM FOR BAD FAITH FAILURE TO PAY BENEFITS, BAD FAITH DENIAL OF CLAIMS, BAD FAITH DELAY, AND BAD FAITH INVESTIGATION - NATIONWIDE

31. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

32. At all material times, Nationwide, acting through its agents, officers, and employees, acted wrongfully and, in bad faith, withheld benefits due to Plaintiffs under the policy.

33. Nationwide failed to provide Plaintiffs coverage or benefits for the Claim which arose in connection with the wind and hail storm damage.

34. Nationwide has unreasonably delayed and refused to provide coverage or benefits under the policy, causing Plaintiffs financial and emotional hardship.

35. By refusing to explain Plaintiffs' rights under the Claim, honestly and timely investigate and pay the Claim, Nationwide has acted fraudulently, maliciously, oppressively, and outrageously towards Plaintiffs with conscious disregard for the Plaintiffs' rights. These actions taken by Nationwide were purposeful and deliberately undertaken with malice and

vindictiveness. Plaintiffs have suffered embarrassment, humiliation, and mental and emotional distress because of these actions by Nationwide.

36. Nationwide's refusal to pay benefits has compelled Plaintiffs to engage legal counsel and to initiate litigation to recover coverage and benefits under the Policy.

37. Nationwide has deprived Plaintiffs of the benefits justly due under the policy when Nationwide knew that those benefits were needed by Plaintiffs.

38. By unreasonably refusing to provide benefits of coverage in payment of Plaintiffs' valid Claim, Nationwide acted fraudulently, oppressively, maliciously, and outrageously toward Plaintiffs, with conscious disregard for her rights under the law and under the Policy, and did so with intentions of benefitting Nationwide financially, harassing Plaintiffs, discouraging Plaintiffs from asserting a valid claim, avoiding payment of the valid claim, and causing or willfully disregarding the potential of severe emotional distress to Plaintiffs.

39. The course of conduct of Nationwide, as described above, was deliberately undertaken; was wanton, willful, and in reckless disregard of the rights and well-being of Plaintiffs, and was attended by malice and vindictiveness on the part of Nationwide in that Nationwide:

   a. Willfully failed to tender payment of benefits owed to Plaintiffs;
   b. Willfully failed to investigate, adjust, and pay Plaintiffs' claim in a reasonably prompt manner;
   c. Willfully failed to tell Plaintiffs the plain truth regarding the investigation, evaluation, and payment or nonpayment of the Claim;
   d. Willfully failed to evaluate each and every issue during the adjusting of Plaintiffs' claim, to give at least equal consideration to the interests of Plaintiffs which Nationwide gave itself;
   e. Willfully utilized investigation, evaluation, and/or adjusting processes for improper purposes in order to deny and/or delay payment of the Claim;
   f. Willfully disregarded pertinent and relevant information while investigating, evaluating, and/or adjusting the Claim in order to deny the Claim; and
   g. Willfully and without justification failed to provide coverage to Plaintiffs.

By reason thereof, Plaintiffs request that this Court award punitive damages.

40. As a direct result of the fraudulent, oppressive, malicious, and outrageous conduct of Nationwide and of their bad faith in handling the Claim of Plaintiffs for benefits under the Policy, Plaintiffs have sustained substantial economic loss, including but not limited to attorneys' fees and seeking to recover benefits under the described Policy. As a further result of Nationwide's outrageous and willful conduct and bad faith, Plaintiffs have suffered embarrassment, humiliation, and mental and emotional distress. Plaintiffs have suffered damages in an amount exceeding $250,000.00.

## COUNT III - NEGLIGENCE AND GROSS NEGLIGENCE - NATIONWIDE

41. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

42. The actions and inactions of the Nationwide, as described above, constitute negligence, entitling Plaintiffs to all consequential and special damages allowable under law, and further constitute such gross and reckless negligence so as to constitute malice or reckless disregard for Plaintiffs' rights, thereby entitling them to heightened damages, including attorneys' fees, interest and punitive damages.

43. Specifically, Nationwide was grossly negligent in the assessment of wind and hail damage and the subsequent withholding of insurance proceeds despite the fact that they knew the damage to the Home was caused by an event covered under the policy in with the coverage paid for by Plaintiffs pursuant to the Plaintiffs' contract of insurance with Nationwide.

44. Nationwide has or should have special expertise in Home inspection, damage assessment, and the appraisal of damage claims. Despite overwhelming evidence that damage to the Home was caused by wind and hail from the storm, Nationwide intentionally, or with wanton disregard for Plaintiffs, did not pay for the damage they knew Plaintiffs had incurred, even though said

payments were clearly defined under the contract of insurance between Plaintiffs and Nationwide.

## COUNT IV - BREACH OF CONTRACT - NATIONWIDE

45. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

46. The actions and inactions of Nationwide, as described above, constitute a breach of contract.

47. Plaintiffs are entitled to all damages allowable for breach of contract, including, but not limited to, nominal damages, incidental damages, consequential damages, special damages, attorneys' fees, interest, and punitive damages.

## COUNT V - TORTIOUS BREACH OF CONTRACT - NATIONWIDE

48. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

49. The course of conduct of Nationwide, and the actions and inactions of Nationwide, constitute breaches of contract to such an extent as to rise to the level of an independent tort constituting tortious breach of contract, entitling Plaintiffs to consequential damages, special damages, attorneys' fees, interest, punitive damages, and all other damages allowable by law.

## COUNT VI - BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING - NATIONWIDE

50. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

51. The actions and inactions of Nationwide, as described above, constitute a breach of the covenant of good faith and fair dealing implied in all contractual arrangements between contracting parties in the State of Mississippi, entitling Plaintiffs to all damages allowable pursuant to law, including consequential damages, special damages, attorneys' fees, interest, and punitive damages.

52. Specifically, Nationwide owed Plaintiffs the duty to act in good faith and to deal fairly with them. Included within that duty was a duty to promptly and fairly inspect and investigate all relevant information and make a realistic evaluation of the Claim, yet the agents and employees assigned to adjust and evaluate the loss were not familiar with or were intentionally disregarding the clear evidence supporting the amounts owed to Plaintiffs. As a result, Nationwide breached the covenant of good faith and fair dealing.

## COUNT VII - NEGLIGENT/INTENTIONAL MISREPRESENTATIONS/BAD FAITH ADJUSTING – DONAN ENGINEERING

53. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

54. Donan Engineering made negligent/intentional misrepresentations, including but not limited to misrepresenting the impact of hail and wind damage to the Home.

55. These misrepresentations were made either negligently, intentionally with malice, recklessly, or with intentional disregard for the statements' falsity in order to secure continued business from Nationwide and wrongfully and intentionally aided Nationwide in wrongfully denying Plaintiffs' claims.

56. Plaintiffs reasonably and detrimentally relied upon these representations.

57. Donan Engineering made these false statements intentionally and with malice for the sole reason of aiding and abetting Nationwide in wrongfully denying Plaintiffs' claims in bad faith.

58. Plaintiffs are entitled to all damages proven which were caused by Donan Engineering's misrepresentations and bad faith adjusting.

## COUNT VIII - GROSS NEGLIGENCE – DONAN ENGINEERING

59. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

60. Donan Engineering was grossly negligent/reckless in the following respects:

    a. Recklessly failing to exercise due care while investigating Plaintiffs' claim;

b. Recklessly failing to properly investigate the facts contained in the engineering report;

c. Recklessly failing to verify the facts contained in the engineering report;

d. Intentionally failing to rely on accurate facts while completing his engineering report;

e. Recklessly misrepresenting and/or misstating facts relevant to Plaintiffs' claim in the engineering report; and

f. Recklessly failing to properly evaluate the Home and claim in the engineering report.

61. The actions and inactions of Donan Engineering, as described above, constitute gross negligence, entitling Plaintiffs to all consequential and special damages allowable under law, and further constitute such gross and reckless negligence so as to constitute malice or reckless disregard for Plaintiffs' rights, thereby entitling Plaintiffs to heightened damages, including attorney's fees, interest, and punitive damages.

## COUNT IX - RESPONDEAT SUPERIOR – DONAN ENGINEERING

62. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

63. Because Woodard was acting within the course and scope of his employment with Donan Engineering at all times relevant to this Complaint, Donan Engineering is vicariously liable to Plaintiffs for any and all damages resulting from the actions and inactions of Woodard as described herein.

## COUNT X - ESTOPPEL – NATIONWIDE

64. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

65. As noted above, because Donan Engineering was Nationwide's agent, Nationwide is estopped from disclaiming the acts and/or representations and/or misrepresentations made by Donan Engineering.

## COUNT XI - NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ALL DEFENDANTS

66. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

67. The actions and inactions of the Defendants, as described above, constitute negligent and intentional infliction of emotional distress, entitling Plaintiffs to all damages allowable pursuant to law.

## COUNT XII – CIVIL CONSPIRACY – ALL DEFENDANTS

68. Plaintiffs incorporate by reference herein the allegations set forth in paragraphs above.

69. The actions and inactions of Defendants, as described above, amount to civil conspiracy. Specifically, the Defendants agreed and conspired in order to accomplish an unlawful purpose or a lawful purpose unlawfully, all to the benefit of Defendants and to the detriment of Plaintiffs.

70. Accordingly, Defendants are liable for civil conspiracy, and Plaintiffs are entitled to all damages proven.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment of, from, and against Defendants for compensatory damages, special damages, emotional distress damages, incidental and consequential damages, plus attorneys' fees and costs, *Veasley* damages, punitive damages, and pre-judgment and post-judgment interest as determined by a jury of Plaintiffs' peers in Forrest County, Mississippi.

Respectfully submitted this the 24th day of January 2023.

**Charley Wallace and Sarah Catherine Wallace, Plaintiffs**

BY: _____
P. MANION ANDERSON, MSB #104250

P. MANION ANDERSON, MSB #104250
SAMUEL S. McHARD, MSB #100295
PEYTON J. MOORE, MSB #106137
MCHARD, MCHARD, ANDERSON & ASSOCIATES, PLLC
140 Mayfair Road., Suite 1500
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
manderson@mchardlaw.com
smchard@mchardlaw.com
pmoore@mchardlaw.com